IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DWIGHT LAMAR WALKER,           )
AIS #194061,                   )
                               )
        Petitioner,            )
                               )
    v.                         )        CASE NO. 2:12-CV-902-WHA
                               )               [WO]
                               )
GARY HETZEL, *et al.*,         )
                               )
        Respondents.           )

# RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This civil action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus

relief filed by Dwight Lamar Walker ("Walker"), a state inmate, on September 28, 2012.[2]

In this petition, Walker challenges convictions and sentences imposed upon him by the

Circuit Court of Montgomery County, Alabama pursuant to his guilty pleas on December

8, 2009, for two counts of possession of a forged instrument and two counts of theft of

property.

On December 8, 2009, Walker executed an Explanation of Rights and Plea of Guilty

---

[1]All exhibit page numbers referenced herein are those assigned by this court in the docketing process.

[2]The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The petition indicates that Walker submitted the document for mailing on September 28, 2012.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 15.  In light of the foregoing and for purposes of the proceedings herein, the court considers September 28, 2012,  as the date of filing.

Form. *Respondents' Exhibit S2 - Doc. No. 19-1.* In so doing, Walker certified to the trial court that he had himself read or had read to him the matters set forth in the form explaining the nature of the charges, the applicable sentencing range, those rights attendant to his status as a criminal defendant -- specifically the "right to enter, and continue to assert, a plea of 'Not Guilty' or 'Not Guilty by Reason of Mental Disease or Defect', and have a public trial before a duly selected jury" on the charges, the waiver of rights associated with his entry of a guilty plea and the consequences of pleading guilty. *Id*. at 2. Specifically, Walker certified that "my rights [-- including the right to proceed to trial on a plea of not guilty and/or not guilty by reason of mental disease or defect --] have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope of reward to plead guilty[.]" *Id*. Walker further admitted his guilt to two counts of criminal possession of a forged instrument and two counts of theft of property and acknowledged that he "made up [his] own mind to plead guilty, and that [he] knowingly, intelligently, and voluntarily waive[d] [his] right to a trial in this case." *Id*.

Upon receiving notice of Walker's intention to enter guilty pleas to the offenses, the trial court conducted a plea colloquy with Walker. The relevant portion of this colloquy

reads as follows:

> THE COURT:  . . .  You're charged with two counts of possession of [a] forged instrument, two counts of theft of property second degree.  Do you know what you're charged with?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you understand you do not have to plead guilty to . . . these counts unless you want to?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  That you have a right to a trial by jury.  Do you understand?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  If you waive a jury trial and I accept that waiver, you have a right to a trial before me without a jury.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  You come into Court presumed to be innocent.  That presumption continues to stay with you up until the State meets its burden of proving your guilt beyond a reasonable doubt.  Do you understand?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  . . .  If you plead guilty, I would be authorized to sentence you [to] not less than one year and a day up to 10 years in the penitentiary plus a fine not exceeding $15,000.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  If you have one prior felony, your sentence would be 2 to 20 years, up to . . . $30,000 fine; two prior felonies would be a minimum of 10 years up to 99 years or life, up to a $60,000 fine; three or more prior felonies, a minimum of 15 years up to 99 years or life, plus a fine not exceeding $60,000.  Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  I have before me what is called Exhibit A [the Explanation of Rights and Plea of Guilty Form] and ask you is that your signature on the form.

THE DEFENDANT:  Yes, sir.

THE COURT:  Did you go over the contents of the form with your lawyer before you signed it?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any questions about what's on that form?

THE DEFENDANT:  No, sir.

THE COURT:  Raise your right hand.
        (The defendant was duly sworn by the Court.)

THE COURT:  How do you plead to two counts of criminal possession of [a] forged instrument?

THE DEFENDANT:  Guilty.

THE COURT:  How do you plead to two counts of theft of property second degree?

THE DEFENDANT:  Guilty.

THE COURT:  [Addressing Mr. Kidd, counsel for the defendant] Do you want to ask questions?

MR. KIDD:  I will, Your Honor.
Mr. Walker, back in March of this . . . year, there were two dates that we saw some pictures of.  I believe the first one was on March the 2nd, and the next one was on March the 4th.  Did you have an occasion to go in the check cashing place on those dates?

THE DEFENDANT:  Yes, sir.

THE COURT:  Where was that check cashing place located at?

THE DEFENDANT:  Lower Wetumpka Road.

MR. KIDD:  Okay.  And that was here in Montgomery County?

THE DEFENDANT:  Yes, sir.

MR. KIDD:  And you went in there with the intent - - you actually tendered two different - - a check on each day.  And they were government checks that had been issued, and they were fraudulent; is that correct?

THE DEFENDANT:  Yes.

MR. KIDD:  And you knew at the time that you were tendering those checks or cashing those checks that they were fraudulent.

THE DEFENDANT:  Yes, sir.

MR. KIDD:  And on both occasions, you got somewhere - - I believe the first check was like $600 and the next check was a little over 900.  Is that what you recall?

THE DEFENDANT:  Both of them was about 600.

MR. KIDD:  Okay.  But they were over $500 but less than 2,500, correct?

THE DEFENDANT:  Yes, sir.

MR. KIDD:  Okay.  And you did that under false pretenses.

THE DEFENDANT:  Yes, sir.

THE COURT:  That happened in Montgomery County?

THE DEFENDANT:  Yes, sir.

THE COURT:  The Court hereby finds - - do you recommend I accept the plea?

MR. KIDD:  I do, Your Honor.

5

THE COURT:  The Court finds that you understand your constitutional rights, that you enter your plea knowingly, voluntarily, and intelligently.

The Court accepts the plea and adjudicates you guilty of two counts of criminal possession of [a] forged instrument and two counts of theft of property in the second degree on each count of the indictment.

*Respondents' Exhibit A (Vol. II) - Doc. No. 10-2 at 2-14.*

The trial court held a sentencing hearing on May 7, 2010.  Based on the evidence submitted by the State, the trial court sentenced Walker as a habitual felony offender to eighteen years imprisonment.  *Respondents' Exhibit A (Vol. II) - Doc. No. 10-2 at 15-16.*

On May 18, 2010, Walker filed a motion to withdraw his guilty plea.  *Respondents' Exhibit A (Vol. I) - Doc. No. 10-1 at 7-9.*  In this motion, Walker argued that:  (1) He was mentally incompetent to stand trial or enter a guilty plea because he lacked the ability to assist in his defense or understand the proceedings against him; (2) His guilty plea was involuntary due to ineffective assistance of counsel - "the results of force, and threats, and promises" causing "fear of the possible consequences of not pleading guilty" and the inability "to balance the risks and . . . benefits of going to trial."; and (3) The trial court was without jurisdiction to accept his guilty plea because he gave notice of intent to enter a guilty plea on the same day he entered his guilty plea in violation of *Ala. Code* § 15-15-22.  *Id*. at 7-8.[3]  On June 8, 2010, the trial court summarily denied the motion to withdraw

---

[3]Under *Ala. Code* § 15-15-22, a trial court could not accept a guilty plea within three days of a defendant's notice to the court of his intention to enter a guilty plea.  However, in 1996, this statute was superseded by *Ala. Code* § 15-15-20.1.  *Ex parte Hambrick*, 774 So. 2d 535, 536 (Ala. 2000); *McLaurin v. State*, 895 So. 2d 1010, 1012 (Ala. Cr. App. 2004).  Section 15-15-20.1(c) permits entry of a guilty plea "at any time after the filing of an information."

guilty plea. *Id*. at 7.

Walker filed an appeal challenging the denial of his post-conviction motion in which he raised the following claims for relief: (1) The trial court abused its discretion in denying his motion to withdraw the guilty pleas; (2) The trial court abused its discretion when it failed to conduct an evidentiary hearing on the claims presented in the motion to withdraw his guilty pleas; (3) Counsel provided ineffective assistance during the guilty plea hearing; and (4) The trial court abused its discretion when it refused to hold an evidentiary hearing on the claim challenging his mental competence to stand trial. *Respondents' Exhibit B (Walker's Brief on Appeal) - Doc. No. 10-3 at 7.*

On January 28, 2011, the Alabama Court of Criminal Appeals affirmed the decision of the trial court denying Walker relief from his guilty pleas. *Respondents' Exhibit D - Doc. No. 10-5.* The appellate court's memorandum opinion reads, in relevant part, as follows:

> Walker argues on appeal that the trial court erred in denying his motion to withdraw his guilty plea without a hearing on the claims that his counsel was ineffective and that he was mentally incompetent at the time he entered his guilty plea. [Walker abandoned his meritless claim regarding the trial court's lack of jurisdiction arising from its acceptance of his guilty plea on the same day he provided the court with his notice of intent to enter a guilty plea.]
>
> * * *
>
> . . . [E]ven if the issues raised in Walker's motion [to withdraw his guilty plea challenging the lack of a hearing] were preserved for review, there is no requirement, neither statutory nor case law, stating that an

evidentiary hearing be held before a trial court can deny a motion to withdraw a guilty plea. "To the contrary, a motion to withdraw guilty plea, as the functional equivalent of a motion for a new trial, may be denied by operation of law pursuant to Rule 24.4, Ala. R. Crim. P." Smith v. State, 854 So. 2d 1176, 1178 (Ala. Crim. App. 2002). Further, we have held that "[a] defendant is not entitled to a hearing on a motion for new trial without a special basis therefor." Smelcher v. State, 520 So. 2d 229, 232 (Ala. Crim. App. 1987). In such cases, the decision whether to allow a defendant to withdraw a guilty plea is solely within the discretion of the trial court, and that decision "'will not be disturbed on appeal absent a showing of abuse of that discretion.'" Reed v. State, 691 So. 2d 463, 464 (Ala. Crim. App. 1996) (quoting Alford v. State, 651 So. 2d 1109, 1112 (Ala. Crim. App. 1994) (quoting Ex parte Blackmon, 734 So. 2d 995, 997 (Ala. 1991); Wilson v. State, 875 So. 2d 1225, 1228 (Ala. Crim. App. 2003).

Walker's claim that he was not competent at the time he entered his guilty plea raised a substantive due process claim that is jurisdictional and not subject to the procedural bars of Rule 32.2. See, Nicks v. State, 783 So. 2d 895, 908 (Ala. Crim. App. 1999). However, both at trial and on appeal, Walker has only asserted bare allegations that he was mentally incompetent at the time he entered his guilty plea and that he received ineffective assistance of counsel.

> "'[B]are allegations that the trial court had erred' are not sufficient to warrant an evidentiary hearing on a motion for new trial. [Meeks v. State, 697 So. 2d 60, 61 (Ala. Crim. App. 1996).] Moreover, unless the grounds are sufficiently specific and supported by facts contained in the record, a motion for a new trial must be verified and supported by affidavit. See, e.g., Ex parte Jefferson, 749 So. 2d 406 (Ala. 1999); Jones v. State, 727 So. 2d 866 (Ala. Crim. App. 1998); and Hill v. State, 675 So. 2d 484 (Ala. Crim. App. [1995). [. . .] "'Error may not be predicated upon the overruling of a motion for new trial where there was no evidence offered in support of the motion.'" Britain v. State, 518 So. 2d 198, 203 (Ala. Crim. App. 1987), quoting Tucker v. State, 454 So. 2d 541, 547-48 (Ala. Crim. App. 1983), rev'd on other grounds, 454 So. 2d 552 (Ala. 1984). See also Arnold v. State, 601 So. 2d 145, 154 (Ala. Crim. App. 1992) ('There is no error in a trial court's denial of a motion for new trial where no evidence is offered

in support of that motion.').""

> Washington v. State, 922 So. 2d 145, 176-77 (Ala. Crim. App. 2005).
> Because Walker's motion consisted of only general and conclusory
> allegations, he has not shown that there was a basis that warranted
> conducting a hearing on that motion.  Further, the record does not contain
> any facts which raise a reasonable doubt as to the competency of Walker to
> stand trial or to enter a guilty plea.  Therefore, we find that the trial court did
> not commit an abuse of discretion in denying Walker's motion without
> conducting an evidentiary hearing.
>
> Based on the foregoing, the trial court's judgment is affirmed.

*Respondents' Exhibit D - Doc. No. 10-5* at 2-4 (footnote omitted).

Walker filed an application for rehearing which the Alabama Court of Criminal

Appeals overruled on February 25, 2011.  *Respondents' Exhibit E - Doc. No. 10-6*.  Walker

then filed a petition for writ of certiorari with the Alabama Supreme Court.  The court

denied the petition for writ of certiorari on April 8, 2011 and the certificate of judgment

issued on this same date.  *Respondents' Exhibit F - Doc. No. 10-7*.

On November 23, 2011, Walker filed a *pro se* state post-conviction petition pursuant

to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of

Montgomery County, Alabama.[4]  In this petition, Walker alleged that:  (1) Trial counsel

---

[4]Walker executed the petition on November 23, 2011.  *Respondents' Exhibit G - Doc. No. 10-8* at 27.  As previously noted, a *pro se* inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston*, 487 U.S. at 271-72.  "Alabama courts have [adopted this rule and] held that a *pro se* incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993) ("[A] *pro se* incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to *pro se* Rule 32 petitions filed in the state courts of Alabama.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Walker] signed it."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th

provided ineffective assistance because he failed to object to the presentence report or lack of such a report and failed to enter a plea of not guilty by reason of mental disease or defect; (2) Petitioner did not voluntarily enter the guilty pleas because he lacked an understanding of the nature of the proceedings or the consequences of the pleas; (3) Trial counsel failed to properly develop a plan for proceeding on the charges; and (4) Trial counsel used Petitioner's mental deficiency to coerce him into entering the guilty pleas. *Respondents' Exhibit G - Doc. No. 10-8* at 14-15, 27.  In support of these claims, Walker alleges that he "has suffered from mental illness" since he was a child and "has been assessed to be disabled."  *Id*. at 16.  In his response to the respondents' answer, Walker identifies his condition as simply a "mental defect" present since he was eleven years of age.  *Petitioner's Response - Doc. No. 12* at 4.  In the pleadings filed with this court, Walker does not identify his mental defect nor the basis for his disability diagnosis.  Other than his self-serving and conclusory allegation regarding a mental disease/defect, Walker fails to present any facts or evidence to support his claim that he was mentally incompetent to enter a guilty plea.  In his Rule 32 petition, Walker argues that a proper presentence report would have detailed his "psychological history" and "alerted the trial court" that he had a mental health issue.  *Respondents' Exhibit G - Doc. No. 10-8* at 16-17.  This report, however, does not support Walker's allegation and, instead, shows that Walker denied

---

Cir. 2001).  Thus, the court considers November 23, 2011, as the appropriate date of filing for Walker's Rule 32 petition.

suffering from any mental disability.  *Respondents' Exhibit S1 - Doc. No. 17-1 at 4.*

On February 15, 2012, the trial court issued an order denying Walker relief on the claims raised in his Rule 32 petition.  *Respondents' Exhibit G - Doc. No. 10-8 at 52-54.* The trial court addressed the petitioner's claims as follows:

> First, Petitioner's claims are procedurally barred under [state law] because each of the grounds Petitioner asserts as a basis for postconviction relief have already been addressed on direct appeal.  Here, Petitioner alleges a lack of mental competency at the time of his guilty plea as well as ineffective assistance of counsel as grounds for relief from his conviction and sentence.  Petitioner asserted the very same arguments at the time he appealed this Court's denial of his Motion to Withdraw Guilty Plea; however, the Alabama Court of Criminal Appeals addressed these same issues in its Memorandum affirming this Court's action on January 28, 2011.
>
> Second, Petitioner has failed to meet the burden of pleading prescribed by Rule 32.6(b), ALA. R. CRIM. P., which states the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. Petitioner merely provides bare allegations and lacks any evidentiary facts to support his petition.  Without more, summary dismissal is proper under *Boles v. State*, 717 So. 2d 877 (Ala. Crim. App. 1998).

*Id*.

Walker appealed the denial of his Rule 32 petition in which he raised the same claims as those presented to the trial court.  *Respondents' Exhibit H - Doc. No. 10-9*.  The Alabama Court of Criminal Appeals issued a memorandum opinion on June 22, 2012, in which it affirmed the decision of the trial court.  *Respondents' Exhibit J - Doc. No. 10-11*. The relevant portion of this opinion reads as follows:

> On appeal, Walker argues that the trial court erred in denying his petition without first conducting an evidentiary hearing; however, most of

the points Walker makes in his brief pertain to the State's response and not to the trial court's order. Walker also appears to rely solely on general propositions of law in support of his claims. Therefore, we question whether Walker has waived his claims for noncompliance with Rule 28(a)(10), Ala. R. App. P. Nevertheless, even if we construe Walker's argument as a general argument that summary denial was improper and that Walker did not waive his claims, Walker is not entitled to any relief.

. . . In affirming Walker's convictions [on appeal from the denial of his motion to withdraw his guilty plea], this Court questioned whether Walker's claims were properly before the trial court and this Court on appeal. We noted, however, that Walker had only asserted bare allegations that he was mentally incompetent at the time he entered his guilty plea and that he received ineffective assistance of counsel; thus, the trial court did not err in denying his motion to withdraw his guilty pleas without a hearing. In his Rule 32 petition, Walker raises similar claims as grounds for finding counsel ineffective. However, to any extent that Walker presents as substantive claims the same claims that he raised in his motion to withdraw his guilty pleas, those claims are precluded because they were raised and addressed at trial and on appeal. Rules 32.2(a)(2) and (4), Ala. R. Crim. P.

Walker's ineffective assistance of counsel claims are not sufficiently pleaded. In Hyde v. State, 950 So. 2d 344 (Ala. Crim. App. 2006), this Court explained:

"Rule 32.3 states that '[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' Rule 32.6(b) states that '[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.' As this Court noted in Boyd v. State, 913 So. 2d 1113 (Ala. Crim. App. 2003):

"""Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief." Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the

12

pleading of a conclusion "which, if true, entitle[s] the petitioner to relief." <u>Lancaster v. State</u>, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts."'

"913 So. 2d at 1125. The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See, <u>Bracknell v. State</u>, 883 So. 2d 724 (Ala. Crim. App. 2003).

950 So. 2d at 355-356.

In <u>Hyde</u>, this Court explained:

"To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must 'identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' 466 U.S. at 694, 104 S. Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient."

13

950 So. 2d at 356.  "In the context of guilty-plea proceedings, a petitioner must also show that but for counsel's errors, the petitioner would not have pleaded guilty, but would, instead, have insisted on proceeding to trial.  Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)." Yarbrough v. State, 841 So. 2d 306, 309 (Ala. Crim. App. 2002).

Walker's claims that counsel was ineffective fail to sufficiently plead facts supporting the requirements set forth in Strickland.  They are nothing more than bare allegations, unsupported by any factual basis.  Walker did not plead with specificity facts that, if true, would establish that he was incompetent nor did he sufficiently plead that any action or inaction by his trial counsel was unreasonable or would have caused a different result. Accordingly, Walker failed to satisfy either the burden of pleading requirements of Rule 32.3, Ala. R. Crim. P., or the specificity requirements of Rule 32.6(b), Ala. R. Crim. P.  See Benkworth v. State, (CR. 07-0051, May 1, 2009) ___ So. 3d ___, ___ (Ala. Crim. App. 2009) (holding that Rule 32.6(b) requires a petitioner to plead facts that, if true, would establish deficient performance and prejudice under Strickland).

Furthermore, Rule 32.7(d), Ala. R. Crim. P, authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

Because Walker's ineffective assistance of counsel claims were insufficiently pleaded, the circuit court was authorized to dismiss the petition without an evidentiary hearing.

Accordingly, based on the foregoing, the judgment of the circuit court is affirmed.

*Respondents' Exhibit J - Doc. No. 10-11 at 2-6 (footnote omitted).*

Walker filed an application for rehearing, *Respondents' Exhibit K1 - Doc. No. 10-12* and the Alabama Court of Criminal Appeals overruled this application on July 12, 2012. *Respondents' Exhibit K2 - Doc. No. 10-13*. Walker then submitted a petition for writ of certiorari to the Alabama Supreme Court. *Respondents' Exhibit L1 - Doc. No. 10-14*. On September 14, 2012, the Alabama Supreme Court denied the petition for writ of certiorari and issued the certificate of judgment. *Respondents' Exhibit L2 - Doc. No. 10-15*.

Walker initiated this 28 U.S.C. § 2254 action on September 28, 2012. In this habeas petition, Walker challenges the assistance provided by trial counsel and the constitutionality of his guilty pleas. Specifically, Walker alleges that trial counsel provided ineffective assistance when "counsel failed to object to the Presentence Investigation Report or lack thereof because it would have alerted the trial court that he has a mental disease; failed to enter a plea of not guilty by reason of mental disease or defect; failed to interview him prior to the guilty plea in order to develop a theory to aid in his proceedings; and . . . used his mental illness to coerce him into pleading guilty." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 5.

In their answer to the habeas petition, the respondents argue that Walker is entitled to no relief from this court as the state courts properly adjudicated each of his claims on the merits. *Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402

15

(2000).

Upon review of the § 2254 petition, the answer of the respondents, Walker's response to the answer, the state court record, including all documents relevant to the guilty pleas entered by Walker and the opinions issued by the state courts, and applicable federal law, the court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## II.  DISCUSSION

### A.  Applicable Federal Law

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"].  "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."  *Price*, 538 U.S. 634, 638; *Williams*, 529 U.S. 362, 402.  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-13.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law [in that] it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or . . . 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Price*, 538 U.S. at 640 (quoting *Williams*, 529 U.S. at 405-06). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003) (citing *Williams*, 529 U.S. at 409); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to

17

decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an **unreasonable** application of federal law is different from an **incorrect** application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). "Clearly established federal law is **not** the law of the lower federal courts, including this court. Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (quoting *Williams*, 529 U.S. at 412) (emphasis in original); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) "'[C]learly established federal law' in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of the [Supreme Court's] decisions as of the time of the relevant state-court decision."); *Berghuis v. Smith*, 559 U.S. 314, 320 (2010) (decision of federal court of appeals does not constitute "clearly established Federal law" for purposes of federal habeas review).

The law is well established that

§ 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S. Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in [United States Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts. *Id.*, at 405-406, 120 S. Ct. 1495. The [district] court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably

applies it to the facts of the particular case. *Id.*, at 407-408, 120 S. Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.*, at 409-410, 120 S. Ct. 1495. *See also id.*, at 411, 120 S. Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 694 (2002); *Harrington v. Richter*, 562 U.S. 86, 101 (quoting

*Williams*, 529 U.S. at 410) (emphasis in original) ("For purposes of § 2254(d)(1), 'an

**unreasonable** application of federal law is different from an **incorrect** application of

federal law."); *Brown v. Payton*, 544 U.S. 133, 141 (2005) ("A state-court decision is

contrary to this Court's clearly established precedents if it applies a rule that contradicts

the governing law set forth in our cases, or if it confronts a set of facts that is materially

indistinguishable from a decision of this Court but reaches a different result."); *Windom*

*v. Sec'y, Dep't of Corr.*, 578 F.3d 1227 (11th Cir. 2009) ("A state court decision is contrary

to clearly established federal law if it applies a rule that contradicts the governing law set

forth in Supreme Court cases or confronts facts that are materially indistinguishable from

a relevant Supreme Court precedent and arrives at a result opposite to the Court's.")

(quotation and other marks omitted); *Williams*, 529 U.S. at 411 ("Under § 2254(d)(1)'s

'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly.  Rather, that

application must also be unreasonable."); *Putman*, 268 F.3d at 1241 ("A state court conducts an 'unreasonable application' of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case."); *Payton*, 537 U.S. at 141 ("A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.").

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the [state] trial court's . . . determination.'" *Id*. (quoting *Rice v. Collins*, 546 U.S. 333, 341-42 (2006)). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal

habeas review by 28 U.S.C. § 2254(d)."  538 U.S. at 636.

As is clear from the foregoing, a federal "district court's review . . . [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007); *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted) ("AEDPA . . . imposes a 'highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'").  The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694.  Additionally, "[t]he usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt.'"  *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 748 (11th Cir. 2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)).  "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument."  *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009).  "All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion." *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 776 (11th

Cir. 2003).  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99.  The decisions issued by the Alabama Court of Criminal Appeals  determined Walker's claim of mental incompetence and his allegations of ineffective assistance of counsel adversely to him on the merits.  *Borden v. Allen*, 646 F.3d 785, 814 (11th Cir. 2011) (determination by Alabama Court of Criminal Appeals that Petitioner "failed to plead his claims [of ineffective assistance of counsel] with the specificity required by Rule 32.6(b)" constituted a ruling on the merits of those claims).

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.*

*Harrington*, 562 U.S. at 101.

## B.  Competency to Plead Guilty

Walker alleges that he was mentally incompetent at the time he entered his guilty pleas.  In support of this claim, Walker asserts that his psychological history includes a mental health issue, an issue which he simply references as a mental disease or mental defect without further explanation of the nature or severity of his condition.  *Petition for*

*Writ of Habeas Corpus Relief - Doc. No. 1* at 5; *Response in Opposition to Answer - Doc. No. 12* at 1. Walker raised this same claim in his Motion to Withdraw Guilty Plea. *Respondents' Exhibit A (Vol. I) - Doc. No. 10-1* at 7-8. The state courts found no merit to Walker's challenge to the constitutionality of his guilty pleas. Initially, the trial court summarily denied the motion challenging his competency to enter the guilty pleas. On appeal from the decision of the trial court, the Alabama Court of Criminal Appeals determined that Walker's claim of mental incompetency provided no basis for relief. *Respondents' Exhibit D - Doc. No. 10-5* at 3-4 ("[B]oth at trial and on appeal, Walker has only asserted bare allegations that he was mentally incompetent at the time he entered his guilty plea[s] . . . . Further, the record does not contain any facts which raise a reasonable doubt as to the competency of Walker to stand trial or to enter a guilty plea.").

The claim presented to this court by Walker regarding his mental competency to plead guilty was decided adversely to him by the state courts. This court has undertaken a thorough review of the documents relevant to Walker's decision to enter the guilty pleas, the transcript of his plea colloquy, the opinions issued by state courts and controlling federal law. After such review, it is clear that the state courts did not decide Walker's claim "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, rejection of this claim by the state courts was not contrary to actual Supreme Court decisions or violative of clearly

established federal law.  Moreover, under the circumstances of this case, it is clear that the decisions of the state courts were objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence before the courts.[5]  Thus, Walker is not entitled to federal habeas relief on his mental incompetence claim.

## C.  Claims of Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  The clearly established federal law addressing issues of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel.  First, the petitioner must establish that the performances of his attorneys "fell below an objective standard of reasonableness."  *Strickland* 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*; *Hinton v. Alabama*, ___ U.S. ___, ___, 134 S. Ct. 1081, 1088 (2014) (same).  Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense.  *Id.* at 687.  To establish prejudice, the petitioner is required to show that there is "a reasonable probability

---

[5] In this habeas action, Walker, as he did in the state court proceedings, relies solely on his self-serving, conclusory and unsupported allegation that he suffers from a mental disease/defect.  Walker does not identify his condition and fails to demonstrate how it affected his mental competency to plead guilty.  He presents no facts in support of his claim and the record is completely devoid of evidence that the alleged mental disease/defect rendered Walker mentally incompetent to enter a guilty plea.  The mere fact that an individual alleges he has a mental health issue does not, without more, establish his mental incompetence to stand trial.  Instead, this court's review of the state court record, including the waiver of rights form and guilty plea colloquy, indicates that Walker did not suffer a mental defect which rendered him mentally incompetent to enter guilty pleas to the charged offenses.

that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

> In the context of pleas a defendant must [first establish that counsel provided incompetent advice which fell below an objective standard of reasonableness and then establish the requisite element of prejudice by] show[ing] the outcome of the plea process would have been different with competent advice.  *See [Missouri v.] Frye*, ___ U.S. ___, 132 S. Ct. 1399 (noting that *Strickland's* inquiry, as applied to advice with respect to plea bargains, turns on "whether 'the result of the proceeding would have been different' " (quoting *Strickland*, supra, at 694, 104 S. Ct. 2052)); *see also Hill*, 474 U.S., at 59, 106 S. Ct. 366 ("The . . . 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process").  In *Hill*, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  *Ibid*.

*Lafler v. Cooper*, ___ U.S. ___, at ___, 132 S. Ct. 1376, 1384-85 (2012).

There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation."  *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

Walker asserts that trial counsel failed to object to the presentence investigation

report or the lack of such a report, failed to enter a plea of not guilty by reason of mental disease or defect, failed to speak with him prior to the guilty plea to aid in his understanding of the proceedings, and used his mental condition to coerce him to enter a guilty plea. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 5. Walker presented these same claims for relief in his Rule 32 petition. The trial court determined that to the extent the merits of the claims had been decided by the Alabama Court of Criminal Appeals on appeal from the denial of the Motion to Withdraw Guilty Plea the claims were foreclosed from additional review. *Respondents' Exhibit G - Doc. No. 10-8* at 52. The trial court further held that Walker "failed to meet the burden of pleading prescribed by Rule 32.6(b) ALA. CRIM. P." *Id*. at 54.

On appeal from the denial of the Rule 32 petition, the Alabama Court of Criminal Appeals issued a memorandum opinion finding that Walker's claims of ineffective assistance of counsel entitled him to no relief. *Respondents' Exhibit J - Doc. No. 10-11* at 3-6. Initially, the appellate court noted that "to any extent that Walker presents as substantive claims the same claims that he raised in his motion to withdraw his guilty pleas, those claims are precluded because they were raised and addressed at trial and on appeal." *Id*. at 3. In addressing Walker's specific claims of ineffective assistance of counsel not previously presented to the courts, the Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984) and decided these claims adversely to Walker on the merits. *Respondents' Exhibit J- Doc. No. 10*-11 at 3-6. This court must

26

therefore determine whether the rejection of Walker's claims of ineffective assistance of counsel by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) and (2); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010); *Hammond v. Hall*, 586 F.3d 1289, 1306 (11th Cir. 2009).

The Alabama Court of Criminal Appeals determined that Walker's claims of ineffective assistance of counsel "fail to sufficiently plead facts supporting the requirements set forth in <u>Strickland</u>. They are nothing more than bare allegations, unsupported with specific facts that, if true, would establish that he was incompetent nor did he sufficiently plead that any action or inaction by his trial counsel was unreasonable or would have caused a different result." *Respondents' Exhibit J - Doc. No. 10-11* at 5. Contrary to Walker's allegations, the record demonstrates that counsel discussed the charges and potential sentences with Walker prior to his pleading guilty. *Respondents' Exhibit S2 - Doc. No. 19-1* at 1-2; *Respondents' Exhibit A (Vol. II) - Doc. No. 10-2* at 11-12. The record, via the Explanation of Rights and Guilty Plea Form, further establishes that counsel advised Walker of all rights associated with the criminal proceedings, including the right to a jury trial and the right to enter a plea of not guilty by reason of mental disease or defect. *Respondents' Exhibit S2 - Doc. No. 19-1* at 2. This form further reflects that

27

Walker admitted he understood his constitutional rights and also understood that by pleading guilty he waived those rights. *Id*. Walker likewise acknowledged that he knowingly and voluntarily chose to enter guilty pleas to the charged offenses. *Id*. During the plea colloquy, the trial court also questioned Walker regarding his execution of the waiver of rights form and his understanding of the matters set forth in the form. *Respondents' Exhibit A (Vol. II) - Doc. No. 10-2* at 11-12. Walker acknowledged to the court that he had executed the form and understood all constitutional rights relative to the proceedings against him and the consequences of pleading guilty to the charges lodged against him. *Id*. at 12. In addition, the Report of Investigation prepared for the trial court demonstrates Walker informed the interviewing officer that he did not suffer from a mental disability. *Respondents' Exhibit S1 - Doc. No. 17-1* at 4.

Based on the foregoing, the state courts determined that Walker was not entitled to relief on his claims of ineffective assistance of counsel. An exhaustive review of the relevant evidentiary materials, opinions issued by the state courts and controlling federal law has been conducted. After such review, it is clear that the state courts did not decide Walker's claims "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law. *Williams*, 362 U.S. at 412. Consequently, rejection of these claims by the state courts was not contrary to actual Supreme Court decisions or violative of clearly established federal law. Moreover, under the circumstances of this case, it is clear

28

that the decisions of the state courts were objectively reasonable and likewise constituted

a reasonable determination of the facts in light of the evidence presented to the state courts.

Thus, Walker is not entitled to relief from this court on his claims of ineffective assistance

of counsel.

### D.  Challenge to the Constitutionality of the Guilty Pleas

Walker maintains that trial counsel's alleged acts of ineffective assistance rendered

his guilty pleas involuntary and unknowing.  *Petition for Writ of Habeas Corpus Relief -*

*Doc. No. 1* at 5.  The record before this court establishes that at the time Walker entered

his guilty pleas he (i) understood his rights as explained to him by both counsel and the

court, including his right to enter a plea of not guilty by reason of mental disease or defect,

(ii) understood the nature and elements of the offenses to which he was pleading guilty,

(iii) understood the range of punishment available under the Habitual Felony Offender Act,

(iv) had not been threatened or coerced to plead guilty, and (v) exhibited no signs of mental

incompetence.  Consequently, the state courts denied Walker relief from his guilty pleas.

In so doing, the Alabama Court of Criminal Appeals opined that Walker's claims

addressing the constitutionality of his guilty pleas entitled him to no relief because "the

record does not contain any facts which raise a reasonable doubt as to the competency of

Walker to stand trial or to enter a guilty plea."  *Respondents' Exhibit D- Doc. No. 10-5* at

5.  In addition, the Alabama Court of Criminal Appeals found that Walker failed "to plead

facts that . . . establish[ed] deficient performance [by trial counsel] and [resulting]

prejudice under <u>Strickland</u>." *Respondents' Exhibit J- Doc. No. 10-11* at 5.

To satisfy the requirements of due process, a guilty plea must be voluntary, intelligent and uncoerced. *Boykin v. Alabama*, 395 U .S. 238 (1969); *United States v. Moriarity*, 429 F.3d 1012, 1019 (11th Cir. 2005). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations omitted). Thus, there is no violation of the Constitution when a guilty plea results from an intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970).

In determining that Walker's guilty pleas were knowing, intelligent and voluntary, the state courts did not act contrary to Supreme Court law. Specifically, during the guilty plea hearing, the trial court ascertained Walker's understanding of the charges against him and fully explained the possible ranges of punishment to Walker. Walker indicated to the court that he understood the charges and the various ranges of punishment as explained to him. Furthermore, when questioned by the court, Walker conceded his execution of the explanation of rights form, advised the trial court that his attorney had explained the contents of the form to him and acknowledged his understanding of the rights set forth in the form, including the right to enter a plea of not guilty by reason of mental disease or

30

defect.  Additionally, when the court specifically explained the rights Walker would waive by entering a guilty plea, Walker stated that he understood the waiver of each of these rights.  In executing the waiver of rights form, Walker likewise admitted that it was his decision to enter guilty pleas to these offenses, which he certified he did absent threat or coercion.  Moreover, Walker declared that he "knowingly, intelligently, and voluntarily waived [his] right to a trial in this case."  *Respondents' Exhibit S2 - Doc. No. 19-1* at 2.

"There is a strong presumption that the statements made [by the defendant] during the [guilty plea] colloquy are true."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  "The representations of the defendant [during a guilty plea colloquy] as well as any findings made by the judge accepting the plea [including, but not limited to, the guilt of the defendant and the knowing and voluntary nature of the plea] constitute a formidable barrier in any subsequent collateral proceedings."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Habeas relief should not be granted by crediting a petitioner's subjective version of his understanding of the terms of his guilty plea.  *See Nichols v. Perini*, 818 F.2d 554, 558-59 (6th Cir. 1987).

Walker fails to establish that the decisions of the state courts finding his guilty pleas knowing, intelligent and voluntary were "contrary to" or "an unreasonable application of" clearly established federal law.  28 U.S.C. § 2254(d)(1).  Similarly, Walker does not establish that the state courts' decisions were "based on an unreasonable determination of

the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).  Additionally, Walker

presents no evidence, much less "clear and convincing evidence" as required by 28 U.S.C.

§ 2254(e)(1), to contradict the factual determinations made by the state courts.  After a

careful and thorough review of the record in this case, the court finds that there is no basis

to conclude that the decisions of the state courts ran afoul of either 28 U.S.C. § 2254(d)(1)

or 28 U.S.C. § 2254(d)(2).  Thus, Walker is not entitled to relief on the challenge to the

constitutionality of his guilty pleas.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The petition for habeas corpus relief filed by Dwight Lamar Walker be

DENIED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **June 5, 2015**.  Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation to which the party is objecting.

Frivolous, conclusive, or general objections will not be considered by the District Court.  The

parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 22nd day of May, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE