IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DWIGHT LAMAR WALKER, #194061, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CASE NO. 2:12-cv-902-WHA |
| ) | |
| GARY HETZEL, et al., ) | (WO) |
| ) | |
| Respondents. ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #20), entered on May 22, 2015, and the Petitioner's Objection thereto (Doc. #25), filed on July 13, 2015. The Petitioner was granted his motion for extension to file a supplement to his objection and allowed until August 3, 2015 to do so (Doc. #28), but he has not filed any supplement.

The court has conducted an independent evaluation and *de novo* review of the file in this case and, having done so, finds that the ojection is without merit.

In his Objection, Walker concedes that he executed the explanation of rights form in which he acknowledged that his attorney explained the rights set forth therein to him and that he understood each of his rights, including the right to present a plea of not guilty by reason of mental disease or defect. *Doc. No. 15* at 2. He also concedes he stated an understanding of his rights during the guilty plea colloquy. *Id*. Walker, however, asserts as he did in his petition, that he really did not understand any of the proceedings due to counsel's failure to adequately explain his rights to him. Walker advises that he entered his guilty pleas "in hopes the court would show leniency" and because he was afraid of the consequences of going to trial on the numerous

charges "but said attorney ... would not stop the proceedings to answer [his] questions....." *Id*. Walker repeats his conclusory assertion "that he was mentally incompetent" due to his inability to assist counsel and understand the proceedings. He continues to reference an alleged mental health issue present since he was 11 years of age but does not identify the type or nature of the issue and fails to demonstrate how it affected his mental competency to plead guilty. The Magistrate Judge noted in his Recommendation, "[t]he mere fact that an individual alleges he has a mental health issue does not, without more, establish his mental incompetence to stand trial. Instead, this court's review of the state court record, including the waiver of rights form and guilty plea colloquy, indicates that Walker did not suffer a mental defect which rendered him mentally incompetent to enter guilty pleas to the charged offenses." *Recommendation - Doc. No. 20* at 24, n. 5. This court agrees.

     Therefore, the Petitioner's Objection is OVERRULED, the court ADOPTS the thorough and well-reasoned Recommendation of the Magistrate Judge, and it is hereby

     ORDERED that this § 2254 petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

     DONE this 19th day of August, 2015.

                                  /s/ W. Harold Albritton
                                  W. HAROLD ALBRITTON
                                  SENIOR UNITED STATES DISTRICT JUDGE